UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **Criminal No. 4:15-cr-0564-S3** |
| | § | |
| | § | 18 U.S.C. 922(g)(1) |
| MARGIL REYNA, JR. | § | 18 U.S.C. § 924(c)(1)(A) |
| also known as Mikeo | § | 18 U.S.C. § 924(j)(1) |
| LUIS ALBERTO TELLO | § | 18 U.S.C. § 1201(a)(1) |
| also known as Wicho | § | 18 U.S.C. § 1951(a) |
| MIKE BUENO | § | 18 U.S.C. § 1959(a)(1) |
| also known as Mocho | § | 18 U.S.C. § 1962(d) |
| ARTURO RAMIREZ, JR. | § | 21 U.S.C. § 841(a)(1) |
| also known as China | § | 21 U.S.C. § 846 |
| JOSE ROLANDO GONZALEZ | § | |
| also known as Rollie | § | |
| EDUARDO HERNANDEZ | § | |
| also known as Lepo | § | |
| HIPOLITO GONZALEZ | § | |
| also known as Pollie | § | |
| ROLANDO CRUZ | § | |
| also known as Party | § | |
| JESUS SILVA | § | |
| also known as Bola | § | |
| OCTAVIO MUÑIZ | § | |
| also known as Tavo | § | |
| ROBERTO CORTEZ | § | |
| also known as Robe | § | |
| ROBERTO REYES | § | |
| also known as Pelon | § | |
| RAMON DE LA CERDA | § | |
| also known as Gizmo | § | |
| SALOMON ROBLES | § | |
| JUAN MARQUEZ | § | |
| also known as La Gallina | § | |
| RIGOBERTO GARCIA | § | |
| also known as Chato | § | |
| JUAN ALBERTO MENDEZ | § | |
| also known as A-1 | § | |
| ADRIAN GARZA | § | |

United States District Court
Southern District of Texas
FILED

MAY 1 0 2018

David J. Bradley, Clerk of Court

1

## THIRD SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE
(Conspiracy to Participate in Racketeering Activity)

### THE RACKETEERING ENTERPRISE

At all times relevant to this Third Superseding Indictment:

1. Defendants Margil REYNA, Jr. aka Mikeo, Luis Alberto TELLO aka Wicho, Mike BUENO aka Mocho, Arturo RAMIREZ, Jr. aka China, Jose Rolando GONZALEZ aka Rollie, Eduardo HERNANDEZ aka Lepo, Hipolito GONZALEZ aka Pollie, Rolando CRUZ aka Party, Jesus SILVA aka Bola, Octavio MUÑIZ aka Tavo, Roberto CORTEZ aka Robe, Ramon DE LA CERDA aka Gizmo, Salomon ROBLES, Juan Alberto MENDEZ aka A-1, Adrian GARZA and others were members and associates of a criminal organization known as the Tri-City Bombers whose members and associates engaged in: (a) the illegal trafficking of cocaine, marijuana, methamphetamine and heroin; (b) the laundering of drug proceeds; (c) interference with commerce by robbery; and (d) acts of violence, including murder, attempted murder, robbery, aggravated assaults, kidnapping and other crimes within the Southern District of Texas and elsewhere.

2. The Tri-City Bombers criminal organization, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, § 1961(4) ("the Enterprise"), that is, a group of individuals associated in fact that was engaged in and the activities of which affected interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3. In the early 1980s, young men from Lopezville, Texas, a small predominately-Hispanic

area in the South Texas border area, formed a street football team called the "Lopezville Bombers." At the same time, young men from the nearby town of Pharr, Texas formed a break dancing group called the "Tri-City Poppers."

4. In the mid-1980s, the Lopezville Bombers and Tri-City Poppers merged and became the Tri-City Bombers. In the early days, the Tri-City Bombers would get together and associate to play pickup football games against teams from nearby cities. Over time local law enforcement began to notice an increase in fights after football games and due to the nature of these violent altercations, the Tri-City Bombers developed a reputation as a tough group of young men.

5. In the late 1980s, the Tri-City Bombers evolved into a gang with a defined leadership structure, colors, tattoos and rules. The Tri-City Bombers organization include titles such as President, Vice-President, General, Major, Captain, Lieutenant, Sergeant, "Carnal" (Brother) and "Prospecto" (Prospect).

6. In the early 1990s, the Tri-City Bombers split into two factions: Tri-City Bombers and the Texas Chicano Brotherhood. The split resulted in a wave of violence in the area of Pharr, San Juan and Alamo, Texas.

7. An individual wanting to become a member of the Tri-City Bombers is a "Prospecto" (Prospect). To become a member, the "Prospecto" must have a "Padrino" (Godfather) to vouch for him as being worthy of becoming a full-fledged member. Once a "Prospecto" becomes a member, he is referred to as a "Carnal" (Brother).

8. The Tri-City Bombers adopted black and red as its colors and tattoo the following on their bodies: the letters "TCB", a 1939 Chevy Bomb car, the number "39", a Cherry bomb, a necklace tattoo made of small bombs, or three high-rise buildings or three-point crown to represent the Tri-City area, that being, Pharr, San Juan and Alamo, Texas.

9. The rules of the Tri-City Bombers include, among others: membership for life; brotherhood before anything else; never cooperate with law enforcement; obey orders of superiors; pay a monthly fee to the Enterprise; give 10% of any criminal earnings to the Enterprise; and never disrespect the Tri-City Bombers family.

10. The consequences for violating the rules included severe beating, known as a "disiplina" (discipline), to being "x-out" (marked for murder).

11. The Enterprise had a hierarchy for making decisions. The leaders of the Enterprise had such titles as President, Vice-President, General, Major, Captain, Lieutenant and Sergeant. The leaders determined whether members violated the rules and the punishment for any violation.

12. The Enterprise's strict set of rules ensured loyalty and participation in criminal activities. It was common for an Enterprise member to demonstrate his loyalty by taking responsibility for a crime in order to shield a member with superior rank from criminal responsibility.

13. The Enterprise members maintained regular communications with their members who are in prison. Such communications are often through letters or telephone calls. The Enterprise members use coded language to mislead law enforcement officers as to the true message contained in the letters and telephone calls.

14. The Enterprise members maintain regular communications with each other through regular meetings and telephone calls. In communications over cellular telephones, the Enterprise members use coded language when they discussed any criminal activity. For instance, when discussing controlled substances they referred to cocaine as "white" and to marijuana as "green". They referred to high quality marijuana as "popcorn", drug proceeds as "paper" or "coin" and the transportation of controlled substances as a "ride" or "trip". Furthermore, they referred to cities

such a Donna, Texas as "Ghost Town" and Houston, Texas as "H".

15. The Enterprise uses its power to create fear and intimidation that shields its members from criminal responsibility, ensures the timely payment of drug debts and prevents the theft of members' money or drugs. Violent retribution is an important activity of the Enterprise. Such violent retribution helps enforce loyalty to the Enterprise that is necessary to the smooth running of its criminal activities.

16. Although the Enterprise began in the South Texas area, its members and criminal activities are not limited to that geographical area. In fact, Enterprise members live across Texas as well as in Georgia, Oklahoma, Missouri, Indiana, South Dakota and other states where they continued to engage in criminal activity.

THE PURPOSES OF THE ENTERPRISE

17. The purposes of the Enterprise included the following:

    a.  maintaining a powerful organization that protects its members and associates from rival criminal organizations, those disloyal to the Enterprise or those who lost or stole the Enterprise's controlled substances;

    b.  enriching its members and associates through criminal activity which includes, the illegal distribution of controlled substances and other criminal acts;

    c.  preserving and protecting its power, territory and profits through the use of intimidation, violence and threats of violence; and

    d.  keeping rival gangs, potential informants, potential cooperating defendants, witnesses, law enforcement and the public-at-large in fear of the Enterprise through violence and threats of violence.

18. The Enterprise members act to protect each other and to build a strong organization

through intimidation and violence against outsiders and through strict and harsh discipline of its members and associates who violate its rules.

THE DEFENDANTS

19. The Enterprise members and associates had the following roles:

1.  Margil REYNA, Jr. aka Mikeo ("REYNA") was a member involved in trafficking controlled substances, laundering monetary instruments and in the commission of violent crimes. REYNA participated in breaking into a home to steal controlled substances that resulted in the death of an individual.

2.  Luis Alberto TELLO aka Wicho ("TELLO") was an associate involved in trafficking controlled substances and in the commission of violent crimes. TELLO participated in breaking into a home to steal controlled substances that resulted in the death of an individual.

3.  Mike BUENO aka Mocho ("BUENO") was a member with a rank of Major involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. BUENO participated in breaking into a home to steal marijuana that resulted in the death of an individual. BUENO also directed the enforcement of the Enterprise rules and the collection of the membership fees.

4.  Arturo RAMIREZ, Jr. aka China ("RAMIREZ") was a member with the rank of Sergeant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. RAMIREZ participated in the storing, packaging and transportation of controlled substances to various cities across the United States.

5. Jose Rolando GONZALEZ aka Rollie ("J. GONZALEZ") was a member with the rank of Captain involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. J. GONZALEZ participated in directing and coordinating the storage, packaging and transportation of controlled substances to various cities across the United States. J. GONZALEZ also participated in the attempted murder of an individual suspected of having stolen marijuana from an associate of the Enterprise.

6. Eduardo HERNANDEZ aka Lepo ("HERNANDEZ") was a member with the rank of Lieutenant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. HERNANDEZ participated in the storing, packaging and transportation of controlled substances to various cities across the United States.

7. Hipolito GONZALEZ aka Pollie ("H. GONZALEZ") was an associate involved in trafficking controlled substances and laundering drug proceeds. H. GONZALEZ coordinated the storage, packaging and transportation of controlled substances to various cities across the United States as well as the transportation of the drug proceeds back to the Rio Grande Valley of Texas.

8. Rolando CRUZ aka Party ("CRUZ") was a member with the rank of Captain involved in trafficking controlled substances and laundering drug proceeds. CRUZ coordinated the storage, packaging and transportation of controlled substances to various cities across the United States as well as the transportation of the drug proceeds back to the Rio Grande Valley of Texas.

9.  Jesus SILVA aka Bola ("SILVA") was a member with the rank of Sergeant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. SILVA participated in sending controlled substances in the United States mail to various cities across the United States as well as the drug proceeds back to the Rio Grande Valley of Texas.

10. Octavio MUÑIZ aka Tavo ("MUÑIZ") was a member with the rank of Sergeant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. MUÑIZ participated in transporting drug proceeds from various cities across the United States to the Rio Grande Valley of Texas. MUÑIZ also participated in the attempted murder of an individual suspected of having stolen marijuana from an associate of the Enterprise.

11. Roberto CORTEZ aka Robe ("CORTEZ") was an associate involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. CORTEZ participated in robberies by providing the Enterprise the location where drug traffickers stored controlled substances.

12. Ramon DE LA CERDA aka Gizmo ("DE LA CERDA") was a member with the rank of General and the leader of the Enterprise outside the prison system. DE LA CERDA participated in coordinating and directing members and associates of the Enterprise in the trafficking of controlled substances, laundering drug proceeds and in the commission of violent crimes. DE LA CERDA participated in the murder of an individual suspected of having stolen controlled substances from an associate of the Enterprise.

13. Salomon ROBLES ("ROBLES") was a member involved in trafficking

8

controlled substances and in the commission of violent crimes. ROBLES participated in the murder and attempted murder of individuals suspected of having stolen controlled substances from an associate of the Enterprise.

14. Juan Alberto MENDEZ aka A-1 ("MENDEZ") was an associate involved in the trafficking of controlled substances and in the commission of violent crimes. MENDEZ recruited the Enterprise to commit murders and attempted murders of individuals that he suspected stole controlled substances from him and drug trafficking organizations.

15. Adrian GARZA ("GARZA") was an associate involved in trafficking controlled substances and in the commission of violent crimes. GARZA participated in the murder of an individual suspected of stealing controlled substances from an associate of the Enterprise.

<u>THE RACKETEERING CONSPIRACY</u>

20. Beginning on or about January 2009 and continuing to the date of this Third Superseding Indictment, within the Southern District of Texas and elsewhere, the defendants

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
RAMON DE LA CERDA aka Gizmo
SALOMON ROBLES
JUAN ALBERTO MENDEZ aka A-1
and
ADRIAN GARZA

each being a person employed by and associated with, as described in paragraphs 1 through 19 of this Third Superseding Indictment, an Enterprise, the Tri-City Bombers, that was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire and agree together and with others known and unknown to the Grand Jury to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, §§ 1961(1) and 1961(5), said pattern of racketeering activity consisting of:

multiple acts indictable under:

      a. Title 18, United States Code, § 1951 (interference with commerce by robbery);

multiple offenses involving:

      b. Title 21, United States Code, § 846 (conspiracy to possess with intent to distribute controlled substances and conspiracy to distribute controlled substances);

      c. Title 21, United States Code, § 841(a)(1) (possession with intent to distribute controlled substances and distribution of controlled substances);

and multiple acts involving:

      d. Murder in violation of Texas Penal Code §§ 19.02, 15.01, 15.02, 7.01 and 7.02;

      e. Kidnapping in violation of Texas Penal Code §§ 20.03, 15.01, 15.02, 7.01 and 7.02; and

      f. Robbery in violation of Texas Penal Code §§ 29.02, 29.03, 15.01, 15.02, 7.01 and 7.02.

      21. It was further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## THE MANNER AND MEANS OF THE ENTERPRISE

22. Among the manner and means used by the defendants and co-conspirators to achieve the object of the conspiracy were the following:

a.   members, associates and others engaged in criminal activities such as murder, attempted murder, robbery, kidnapping and illegal drug trafficking to achieve its goal of making money;

b.   members met regularly to discuss and vote on important decisions that included retaliation against rival gangs, whether a member had violated a rule and, if so, the type and form of punishment and how to expand their illegal drug trafficking activities;

c.   members, associates and others purchased, maintained, stored and circulated weapons and firearms for use in criminal activities;

d.   members, associates and others coordinated the storage, packaging, transportation and distribution of controlled substances to various cities across the United States;

e.   members, associates and others coordinated the storage, packaging and sending controlled substances via the United States mail to various cities across the United States;

f.   members, associates and others coordinated stealing controlled substances from other drug traffickers;

g.   members, associates and others coordinated the receiving, packaging and transportation of drug proceeds from various cities across the United States back to the Rio Grande Valley of Texas;

h.  members, associates and others coordinated the depositing of drug proceeds into financial institutions in various cities across the United States and the withdraw of the drug proceeds from financial institutions in the Rio Grande Valley of Texas; and

i.  members, associates and others used and threatened to use violence against potential informants, cooperating defendants and witnesses.

<u>OVERT ACTS</u>

23. In furtherance of the conspiracy, and to achieve the objective thereof, the conspirators performed and caused to be performed the following overt acts, among others, in the Southern District of Texas and elsewhere:

a.  On or about July 17, 2009, Mike BUENO aka Mocho told conspirators that a house in Edinburg, Texas contained numerous kilograms of cocaine;

b.  On or about July 21, 2009, Jesus SILVA aka Bola told conspirators that a house in Mission, Texas contained numerous kilograms of marijuana;

c.  On or about July 21, 2009, Mike BUENO aka Mocho conducted surveillance for law enforcement while conspirators broke into the house in Mission, Texas to steal the marijuana;

d.  On or about September 30, 2011, Arturo RAMIREZ, JR. aka China sold cocaine to a confidential source.

e.  On or about January 30, 2012, Roberto CORTEZ aka Robe sold cocaine to a confidential source.

f.  On or about April 12, 2012, Luis Alberto TELLO aka Wicho, told Joseph Alberto Lopez that a house in Edinburg, Texas contained numerous kilograms

of marijuana;

g.   On or about April 12, 2012, Joseph Alberto Lopez, Margil REYNA, Jr. aka Mikeo, Joshua Omar Santillan and other conspirators met at Joseph Alberto Lopez's house;

h.   On or about April 12, 2012, Mike BUENO aka Mocho authorized Joseph Alberto Lopez, Margil REYNA, Jr. aka Mikeo and Joshua Omar Santillan to commit the aggravated robbery;

i.   On or about April 12, 2012, Joshua Omar Santillan drove Joseph Alberto Lopez, Margil REYNA, Jr. aka Mikeo and other conspirators to the house in Edinburg, Texas;

j.   On or about April 12, 2012, Joseph Alberto Lopez, while armed with a firearm, broke into the house in Edinburg, Texas;

k.   On or about April 12, 2012, Margil REYNA, Jr. aka Mikeo, while armed with a firearm, broke into a house in Edinburg, Texas;

l.   On or about April 12, 2012, Joseph Alberto Lopez struggled with V. S. inside the house resulting in V. S.'s death;

m.  On or about April 12, 2012, Margil REYNA, Jr. aka Mikeo struggled with V. S. inside the house resulting in V. S.'s death;

n.   On or about May 3, 2012, Arturo RAMIREZ, Jr. aka China gave Eduardo HERNANDEZ's aka Lepo cellular telephone number to a confidential source;

o.   On or about May 3, 2012, Eduardo HERNANDEZ aka Lepo sent a conspirator to deliver cocaine to a confidential source;

p.   On or about June 1, 2012, Arturo RAMIREZ, Jr. aka China called a confidential

source;

q.   On or about June 1, 2012, Eduardo HERNDANEZ aka Lepo delivered cocaine to a confidential source;

r.   On or about June 1, 2012, Arturo RAMIREZ, Jr. aka China called a confidential source;

s.   On or about June 1, 2012, Hipolito GONZALEZ aka Pollie gave heroin to Arturo RAMIREZ, Jr. aka China;

t.   On or about June 29, 2012, Arturo RAMIREZ, Jr. aka China called a confidential source;

u.   On or about June 29, 2012, Hipolito GONZALEZ aka Pollie gave heroin to Arturo RAMIREZ, Jr. aka China;

v.   On or about July 15, 2012, Jose Rolando GONZALEZ aka Rollie recruited Ernesto Saenz to transport marijuana from the Rio Grande Valley of Texas to the Dallas, Texas area.

w.   On or about July 15, 2012, Rolando CRUZ aka Party assisted in the off-loading of marijuana from a vehicle in the Dallas, Texas area;

x.   On or about July 15, 2012, Octavio MUÑIZ aka Tavo assisted in the off-loading of marijuana from a vehicle in the Dallas, Texas area;

y.   On or about July 18, 2012, Arturo RAMIREZ, Jr. aka China gave Eduardo HERNANDEZ's aka Lepo cellular telephone number to a confidential source;

z.   On or about July 18, 2012, Eduardo HERNANDEZ sent a conspirator deliver cocaine to a confidential source;

aa.   On or about October 19, 2012, Rene Vela aka Gordo told Roberto CORTEZ

aka Robe that several thousand pounds of marijuana were loaded onto a tractor-trailer in the Weslaco / Mercedes, Texas area;

bb. On or about October 19, 2012, Roberto CORTEZ told Mike BUENO aka Mocho that the tractor-trailer contained the marijuana;

cc. On or about October 19, 2012, Mike BUENO aka Mocho contacted unknown members and associates of the Enterprise to steal the marijuana from the tractor-trailer;

dd. On or about October 19, 2012, unknown members and associates of the Enterprise, while in possession of firearms, took the tractor-trailer from the M. L. M.;

ee. On or about October 19, 2012, a conspirator drove the tractor-trailer to a property in San Carlos, Texas where approximately 900 kilograms of marijuana were taken from the trailer;

ff. On or about October 25, 2012, Arturo RAMIREZ, JR. aka China sold cocaine to a confidential source.

gg. On or about November 2, 2012, Roberto CORTEZ aka Robe directed Roberto REYES aka Pelon to deliver cocaine to Arturo RAMIREZ, Jr. aka China;

hh. On or about November 3, 2012, Roberto REYES aka Pelon delivered cocaine to Arturo RAMIREZ, Jr. aka China;

ii. On or about November 3, 2012, Arturo RAMIREZ, Jr. aka China provided cocaine to a confidential source;

jj. On or about November 16, 2012, in a telephone, call Arturo RAMIREZ, Jr. aka China told Mike BUENO aka Mocho that the "trip" contained "360";

kk. On or about November 16, 2012, in a telephone call, Mike BUENO aka Mocho told Arturo RAMIREZ, Jr. aka China that if the "stuff" was good he could pick it up and take it to Arkansas;

ll. On or about November 17, 2012, in a telephone call, Jose Rolando GONZALEZ aka Rollie told Arturo RAMIREZ, Jr. aka China that he was rounding up everyone because the tractor-trailer was leaving;

mm.   On or about November 17, 2012, in a telephone call, Israel Gonzalez aka Rayo told Arturo RAMIREZ, Jr. aka China that the tractor-trailer driver was already in Three Rivers, Texas;

nn. On or about November 17, 2012, Israel Gonzalez aka Rayo delivered the marijuana to unknown conspirators in the Dallas, Texas area;

oo. On or about November 17, 2012, Rolando CRUZ aka Party delivered the marijuana to unknown conspirators in the Dallas, Texas area;

pp. On or about December 6, 2012, Israel Gonzalez aka Rayo recruited co-defendant Ricardo Ortega to drive a load of marijuana to Houston, Texas;

qq. On or about December 6, 2012, Jose Rolando GONZALEZ aka Rollie told Roberto CORTEZ aka Robe to call Rene Vela aka Gordo;

rr. On or about December 6, 2012, Roberto CORTEZ aka Robe asked Rene Vela aka Gordo if conspirators could use his property to load marijuana into a tractor-trailer;

ss. On or about December 6, 2012, Eduardo HERNANDEZ aka Lepo bought wrap, tape and grease to package the marijuana;

tt. On or about December 6, 2012, Arturo RAMIREZ, Jr. aka China directed

Ricardo Ortega to the property of Rene Vela aka Gordo;

uu. On or about December 6, 2012, Octavio MUÑIZ aka Tavo loaded the marijuana into the tractor-trailer;

vv. On or about December 6, 2012, Luis Antonio Saldivar aka Flaco loaded the marijuana into the tractor-trailer;

ww.   On or about December 6, 2012, Hipolito GONZALEZ aka Pollie told Arturo RAMIREZ, Jr. aka China to pick up boxes and tape;

xx. On or about December 6, 2012, Ernesto Saenz aka Tuerto followed the tractor-trailer driven by Ricardo Ortega to Houston, Texas;

yy. On or about September 24, 2013, Juan Alberto MENDEZ aka A-1 asked Jose Rolando GONZALEZ aka Rollie to kill R.G.;

zz. On or about September 24, 2013, Jose Rolando GONZALEZ aka Rollie told Ernesto Alonzo Ruiz aka Gallito, Octavio MUÑIZ aka Tavo and Salomon ROBLES to kill R. G.;

aaa.   On or about September 24, 2013, Octavio MUÑIZ aka Tavo conducted surveillance of R. G.;

bbb.   On or about September 24, 2013, Salomon ROBLES drove Ernesto Alonzo Ruiz aka Gallito to the residence of R. G.;

ccc.   On or about September 24, 2013, Ernesto Alonzo RUIZ aka Gallito shot R. G. with a firearm;

ddd.   On or about April 25, 2014, Jose Rolando GONZALEZ aka Rollie told Pedro Infante aka Rascal to pick up J. G.;

eee.   On or about April 25, 2014, J.G. entered a Chevrolet pickup truck driven by

Pedro Infante aka Rascal and occupied by Salomon ROBLES;

fff. On or about April 25, 2014, Salomon ROBLES struggled with J.G. inside the Chevrolet pickup truck;

ggg.   On or about April 25, 2014, Salomon ROBLES hit J.G. with a firearm inside the Chevrolet pickup truck;

hhh.   On or about April 25, 2014, J. G. jumped out of the Chevrolet pickup truck;

iii. On or about April 25, 2014, Juan Alberto MENDEZ aka A-1 followed J. G. in a motor vehicle;

jjj. On or about April 25, 2014, Ramon DE LA CERDA aka Gizmo chased J. G. on foot;

kkk.   On or about April 25, 2014, Adrian GARZA chased J. G. on foot;

lll. On or about April 25, 2014, Ramon DE LA CERDA aka Gizmo shot J. G. with a firearm;

mmm. On or about August 7, 2014, Arturo RAMIREZ, Jr. aka China called a confidential source;

nnn.   On or about August 7, 2017, Arturo RAMIREZ, Jr. aka China delivered methamphetamine to a confidential source;

ooo.   On or about August 21, 2014, Arturo RAMIREZ, Jr. aka China obtained methamphetamine from a conspirator;

ppp.   On or about August 21, 2014, Arturo RAMIREZ, Jr. aka China called a confidential source;

qqq.   In 2015, Jesus SILVA aka Bola sent marijuana to Sioux Falls, South Dakota.

rrr. In 2015, Jesus SILVA aka Bola sent methamphetamine to Sioux Falls, South Dakota.

sss. On or about January 27, 2015, Jose Rolando GONZALEZ aka Rollie sent cocaine to Ft. Wayne, Indiana.

ttt. On or about January 27, 2015, Hipolito GONZALEZ aka Pollie sent heroin to Ft. Wayne, Indiana.

uuu.    On or about July 14, 2016, Jose Rolando GONZALEZ aka Rollie sent methamphetamine to Souix Falls, South Dakota.

vvv.    On or about October 19, 2016, Jose Rolando GONZALEZ aka Rollie packaged cocaine.

www. On or about October 19, 2016, Jose Rolando GONZALEZ aka Rollie followed a vehicle that contained approximately 27 kilograms of cocaine to the Falfurrias, Texas border patrol checkpoint.

All in violation of Title 18, United States Code, § 1962(d).

<u>NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE</u>

24. The allegations of Count One of this Third Superseding Indictment are hereby re-alleged and re-incorporated as though set forth fully herein:

25. Beginning on or about January 2009 to on or about March 30, 2017, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
HIPOLITO GONZALEZ aka Pollie
EDUARDO HERNANDEZ aka Lepo
ROLANDO CRUZ aka Party

19

JESUS SILVA aka Bola
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
ROBERTO REYES aka Pelon
RAMON DE LA CERDA aka Gizmo
RIGOBERTO GARCIA aka Chato
and
ADRIAN GARZA

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

26. Beginning on or about January 2009 to on or about March 30, 2017, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

27. Beginning on or about January 2009 to on or about March 30, 2017, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
JOSE ROLANDO GONZALEZ aka Rollie

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. The controlled

substance involved was more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

28. Beginning on or about January 2009 to on or about March 30, 2017, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1 kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

29. On or about July 17, 2009, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho

while in the course of committing theft of property and with intent to obtain and maintain control of the property, did intentionally and knowingly threaten and place M. S. P. and G. P., in fear of imminent bodily injury or death while using a deadly weapon, to-wit: a firearm, in violation of Texas Penal Code §§ 29.02, 29.03, 7.01 and 7.02.

30. On or about July 21, 2009, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
JESUS SILVA aka Bola

21

while in the course of committing theft of property and with intent to obtain and maintain control

of the property, did intentionally and knowingly threaten and place S. S. in fear of imminent bodily

injury or death while using and exhibiting a deadly weapon, to-wit: a firearm, in violation of Texas

Penal Code §§ 29.02, 29.03, 7.01 and 7.02.

    31. On or about April 12, 2012, in Hidalgo County, Texas and the Southern District of

Texas and within the jurisdiction of the Court, defendants

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
and
MIKE BUENO aka Mocho

did intentionally and knowingly cause the death of an individual, to-wit: V. S., by shooting said

V. S. with a firearm, in violation of Texas Penal Code §§ 19.02(b)(1), 7.01 and 7.02;

and

did intentionally and knowingly commit and attempt to commit a robbery, and in the course of and

in furtherance of the commission or attempt, or in immediate flight from the commission or attempt

to commit the robbery, committed an act clearly dangerous to human life, shooting V. S. with a

firearm, that caused the death of V. S. in violation of Texas Penal Code §§ 19.02(b)(3), 7.01 and

7.02;

and

did intentionally and knowingly commit and attempt to commit a burglary of a habitation, and in

the course of and in furtherance of the commission or attempt, or in immediate flight from the

commission or attempt to commit the burglary of a habitation, committed an act clearly dangerous

to human life, shooting V. S. with a firearm, that caused the death of V. S. in violation of Texas

Penal Code §§ 19.02(b)(3), 7.01 and 7.02.

    32. On or about October 19, 2012, in Hidalgo County, Texas and the Southern District and

22

within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

while in the course of committing theft of property and with intent to obtain and maintain control of the property, did intentionally and knowingly threaten and place M. L. M. in fear of imminent bodily injury or death while using and exhibiting a deadly weapon, to-wit: a firearm, in violation of Texas Penal Code §§ 29.02, 29.03, 7.01 and 7.02.

33. On or about April 25, 2014, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie,
RAMON DE LA CERDA aka Gizmo,
SALOMON ROBLES,
JUAN ALBERTO MENDEZ aka A-1
and
ADRIAN GARZA

did intentionally and knowingly cause the death of an individual, to-wit: J. G., by shooting said J. G. with a firearm in violation of Texas Penal Code §§ 19.02(b)(1), 7.01 and 7.02;

and

did intentionally and knowingly commit and attempt to commit a kidnapping, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt to commit the kidnapping, committed an act clearly dangerous to human life, shooting J. G. with a firearm, that caused the death of J. G. in violation of Texas Penal Code §§ 19.02(b)(3), 7.01 and 7.02.

34. On or about August 7, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China,

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 483 grams, of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

35. On or about August 21, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China,

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 971 grams, of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

36. On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 88 kilograms of a mixture or substance containing a detectable amount of cocaine in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

37. On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1 kilogram, that is, approximately 2 kilograms of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, §§ 846, 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, §2.

38. On or about July 14, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 500 grams, that is, approximately 2.9 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

39. On or about October 19, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 27 kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

All in violation of Title 18, United States Code, § 1962(d).

## **COUNT TWO**
(Conspiracy to possess with intent to distribute marijuana)

25

1.  Beginning on or about January 2009 to on or about March 30, 2017, in the Southern District
    of Texas and elsewhere and within the jurisdiction of the Court, defendants

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
HIPOLITO GONZALEZ aka Pollie
EDUARDO HERNANDEZ aka Lepo
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
ROBERTO REYES aka Pelon
RAMON DE LA CERDA aka Gizmo
JUAN MARQUEZ aka La Gallina
RIGOBERTO GARCIA aka Chato
and
ADRIAN GARZA

did knowingly conspire and agree together and with other persons known and unknown to the
Grand Jury to intentionally possess with intent to distribute a controlled substance. All the above-
named defendants conspired to possess with intent to distribute more than 1,000 kilograms of a
mixture or substance containing a detectable amount of marijuana, a Schedule I controlled
substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

### COUNT THREE
(Conspiracy to possess with intent to distribute cocaine)

1. Beginning on or about January 2009 to on or about March 30, 2017, in the Southern
District of Texas and elsewhere and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
ROBERTO CORTEZ aka Robe
and

ROBERTO REYES aka Pelon

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance.

2. The amount involved in the conspiracy attributable to defendants ARTURO RAMIREZ, JR. aka China, EDUARDO HERNANDEZ aka Lepo, ROBERTO CORTEZ aka Robe and ROBERTO REYES aka Pelon was more than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

3. The amount involved in the conspiracy attributable to defendant JOSE ROLANDO GONZALEZ aka Rollie was more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A) and (B).

## <u>COUNT FOUR</u>
(Conspiracy to possess with intent to distribute methamphetamine)

1. Beginning on or about January 2009 to on or about March 30, 2017, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
and
JESUS SILVA aka Bola

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance.

2. The amount involved in the conspiracy attributable to ARTURO RAMIREZ, JR. aka China and JOSE ROLANDO GONZALEZ aka Rollie was more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

3. The amount involved in the conspiracy attributable to JESUS SILVA aka Bola was more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A) and (B).

## COUNT FIVE
(Conspiracy to possession with the intent to distribute heroin)

1. Beginning on or about January 2009 to on or about March 30, 2017, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance.

2. The amount involved in the conspiracy attributable to JOSE ROLANDO GONZALEZ aka Rollie and HIPOLITO GONZALEZ aka Pollie was more than 1 kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

3. The amount involved in the conspiracy attributable to ARTURO RAMIREZ, JR. aka China was less than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A) and (C).

## COUNT SIX
(Interference with commerce by robbery)

On or about April 12, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MARGIL REYNA, JR. aka Mikeo

LUIS ALBERTO TELLO aka Wicho
and
MIKE BUENO aka Mocho

did obstruct, delay and affect and attempt to obstruct, delay and affect commerce, as that term is

defined in Title 18, United States Code, Section 1951(b)(3) and the movement of articles and

commodities in such commerce by robbery in that the defendants did unlawfully take and obtain

and attempt to take and obtain a controlled substance, that is, marijuana from the person and in the

presence of V. S. against his will by means of actual and threatened force, violence and fear of

injury, immediate and future, to his person.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

## COUNT SEVEN
(Use of a firearm during a drug trafficking crime)

On or about April 12, 2012, in the Southern District of Texas and within the jurisdiction of

the Court, defendants

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
and
MIKE BUENO aka Mocho

did knowingly and intentionally use, carry, brandish and discharge a firearm, that is, a handgun

and rifle, during and in relation to the drug trafficking crime charged in Count Two, for which they

may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, §§ 924(c)(1)(A), 924(c)(1)(A)(iii) and 2.

## COUNT EIGHT
(Use of a firearm during a drug trafficking crime resulting in death)

On or about April 12, 2012, in the Southern District of Texas and within the jurisdiction

of the Court, defendants

MARGIL REYNA, JR. aka Mikeo

29

LUIS ALBERTO TELLO aka Wicho
and
MIKE BUENO, aka Mocho

did knowingly and intentionally use, carry, brandish and discharge a firearm, that is, a handgun
and rifle, during and in relation to the drug trafficking crime charged in Count Two, for which they
may be prosecuted in a court of the United States and while in the course of committing the offense
the defendants caused the death of V. S. by shooting him with a firearm and said killing of V. S.
constitutes murder as defined by Title 18, United States Code, § 1111.

In violation of Title 18 United States Code, §§ 924 (c), 924(j)(1) and 2.

### COUNT NINE
(Possession with intent to distribute cocaine)

On or about May 3, 2012, in the Southern District of Texas and within the jurisdiction of
the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
EDUARDO HERNANDEZ aka Lepo

did knowingly and intentionally possess with intent to distribute a controlled substance. The
controlled substance involved was less than 500 grams, that is, approximately 80 grams, of a
mixture or substance containing a detectable amount of cocaine, a Schedule II controlled
substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United
States Code, § 2.

### COUNT TEN
(Possession with intent to distribute cocaine)

On or about June 1, 2012, in the Southern District of Texas and within the jurisdiction of
the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
EDUARDO HERNANDEZ aka Lepo

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 80 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT ELEVEN
(Possession with intent to distribute heroin)

On or about June 1, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 100 grams, that is, approximately 28 grams, of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT TWELVE
(Possession with intent to distribute heroin)

On or about June 29, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China
and

31

HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 100 grams, that is, approximately 60 grams, of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT THIRTEEN
(Possession with intent to distribute cocaine)

On or about July 18, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
EDUARDO HERNANDEZ aka Lepo

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 80 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT FOURTEEN
(Interference with commerce by robbery)

On or about October 19, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

did obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce by robbery in that the defendants did unlawfully take and obtain a controlled substance, that is, marijuana from the person and in the presence of M. L. M. against his will by means of actual and threatened force, violence and fear of injury, immediate and future, to his person.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

## COUNT FIFTEEN
(Use of a firearm during a drug trafficking crime)

On or about October 19, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

did knowingly and intentionally use, carry and brandish a firearm, that is, a rifle, during and in relation to the drug trafficking crime charged in Count Two, for which they may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, §§ 924(c)(1)(A), 924(c)(1)(A)(ii) and § 2.

## COUNT SIXTEEN
(Possession with intent to distribute cocaine)

On or about November 16, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
ROBERTO CORTEZ aka Robe
and
ROBERTO REYES aka Pelon

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 103 grams, of a

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT SEVENTEEN
(Possession with intent to distribute marijuana)

On or about December 7, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
and
ROBERTO REYES aka Pelon

did knowingly and intentionally possessed with intent to distribute a controlled substance. The controlled substance involved was more than 100 kilograms, that is, approximately 103 kilograms, of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, § 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, § 2.

## COUNT EIGHTEEN
(Attempted Murder in Aid of Racketeering)

1. At all times relevant to this Third Superseding Indictment, the Tri-City Bombers gang, as more fully described in paragraphs 1 through 19 and 22 of Count One which are re-alleged and re-incorporated by reference as though fully set forth herein, including its leaders, members and

associates constituted an Enterprise as defined in Title 18, United States Code, § 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

2. At all times relevant to this Third Superseding Indictment, the Enterprise, namely, the Tri-City Bombers, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, §§ 1959(b) and 1961(1), namely acts involving murder, kidnapping and robbery in violation of the laws of the state of Texas; offenses involving dealing in controlled substances in violation of Title 21, United States Code, §§ 841 and 846; and acts indictable under Title 18, United States Code, § 1951 (interference with commerce by robbery).

3. On or about September 24, 2013, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie<br>
OCTAVIO MUÑIZ aka Tavo<br>
SALOMON ROBLES<br>
and<br>
JUAN ALBERTO MENDEZ aka A-1

for the purpose of gaining entrance to and maintaining and increasing position in the Tri-City Bombers gang, an Enterprise engaged in racketeering activity, did attempt to murder R. G. in violation of Texas Penal Code §§ 19.02(b)(1), 15.01(a), 7.01 and 7.02

In violation of Title 18, United States Code, §§ 1959(a)(5) and 2.

**COUNT NINETEEN**

(Murder in Aid of Racketeering)

1. At all times relevant to this Third Superseding Indictment, the Enterprise, namely, the Tri-City Bombers gang, as more fully described in paragraphs 1 through 19 and 22 of Count One

which are re-alleged and re-incorporated by reference as though fully set forth herein, including its leaders, members and associates constituted an Enterprise as defined in Title 18, United States Code, § 1959(b), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

2. At all times relevant to this Third Superseding Indictment, the Enterprise, namely, the Tri-City Bombers, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, §§ 1959(b) and 1961(1), namely acts involving murder, kidnapping and robbery in violation of the laws of the state of Texas; offenses involving dealing in controlled substances in violation of Title 21, United States Code, §§ 841 and 846; and acts indictable under Title 18, United States Code, § 1951 (interference with commerce by robbery).

3. On or about April 25, 2014, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie<br>
RAMON DE LA CERDA aka Gizmo<br>
SALOMON ROBLES<br>
JUAN ALBERTO MENDEZ aka A-1<br>
And<br>
ADRIAN GARZA

for the purpose of gaining entrance to and maintaining and increasing position in the Tri-City Bombers gang, an Enterprise engaged in racketeering activity, murdered J. G. in violation of Texas Penal Code §§ 19.02(b)(1), 19.02(b)(3), 7.01 and 7.02;

In violation of Title 18, United States Code, §§ 1959(a)(1) and 2.

## <u>COUNT TWENTY</u>
(Kidnapping)

On or about April 25, 2014, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
RAMON DE LA CERDA aka Gizmo
SALOMON ROBLES
JUAN ALBERTO MENDEZ aka A-1
and
ADRIAN GARZA

did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away J. G., and hold for ransom, reward or otherwise and in committing the offense or in furtherance of the commission of the offense used a means, facility or an instrumentality of interstate and foreign commerce, namely, a Chevrolet pickup truck, and that during the commission of the offense the death of a person resulted, namely, J. G.

In violation of Title 18 United States Code, Section 1201(a)(1) and 2.

## COUNT TWENTY-ONE
(Possession with intent to distribute methamphetamine)

On or about August 7, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 483 grams, of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-TWO
(Possession with intent to distribute methamphetamine)

On or about August 21, 2014, in the Southern District of Texas and within the jurisdiction

of the Court, defendant

ARTURO RAMIREZ, JR. aka China

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 971 grams, of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

**COUNT TWENTY-THREE**
(Possession with intent to distribute cocaine)

On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 88 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

**COUNT TWENTY-FOUR**
(Possession with intent to distribute heroin)

On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1 kilogram, that is, approximately 2 kilograms of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-FIVE
(Possession with intent to distribute methamphetamine)

On or about July 14, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 500 grams, that is, approximately 2.9 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-SIX
(Possession with intent to distribute cocaine)

On or about October 19, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 27 kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-SEVEN
(Possession with intent to distribute cocaine)

On or about April 5, 2017, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ROBERTO CORTEZ aka Robe

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 433 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT TWENTY-EIGHT
(Felon in possession of a firearm)

On or about April 5, 2017, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ROLANDO CRUZ aka Party

previously having been convicted in the 138th Judicial District Court of Cameron County, Texas, on March 23, 1993, for the felony offense of Aggravated Robbery, in Cause Number 92-CR-1715-B, a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, namely, a handgun, .22mm in caliber, serial number E151576.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924 (a)(2).

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. § 1963)

Pursuant to Title 18, United States Code, Section 1963, the United States gives notice to the defendants,

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
RAMON DE LA CERDA aka Gizmo
SALOMON ROBLES
JUAN ALBERTO MENDEZ aka A-1
and
ADRIAN GARZA

that in the event of conviction of an offense, Count One, in violation of Title 18, United States Code, Section, 1962, the following property, whether real or personal, is subject to forfeiture to the United States:

1. all interest acquired or maintained in violation of 18 U.S.C. § 1962;

2. all interest in, securities of, claims against, or property or contractual rights of any kind affording a source of influence over any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

3. all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

## NOTICE OF CRIMINAL FORFEITURE
(21 U.S.C. § 853)

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the defendants,

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
ROBERTO REYES aka Pelon
RAMON DE LA CERDA aka Gizmo
JUAN MARQUEZ aka La Gallina
RIGOBERTO GARCIA aka Chato
and
ADRIAN GARZA

that in the event of conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, the following property, whether real or personal, is subject to forfeiture to the United States:

1. all property constituting, or derived from, all proceeds obtained, directly or indirectly, as a result of such offense; and

2. all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

## NOTICE OF FORFEITURE
18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendants,

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

that in the event of conviction of an offense in violation of Title 18, United States Code, Section

1951, all property, real or personal, which constitutes or is derived from proceeds traceable to such

offense, is subject to forfeiture to the United States.

## NOTICE OF FORFEITURE
18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States

Code, Section 2461(c), the United States of America hereby gives notice to the defendants,

MARGIL REYNA, JR. aka Mikeo
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
ROBERTO REYES aka Pelon
RAMON DE LA CERDA aka Gizmo
SALOMON ROBLES
RIGOBERTO GARCIA aka Chato
JUAN ALBERTO MENDEZ aka A-1
and
ADRIAN GARZA

that, in the event of conviction of a violation charged in this Superseding Indictment, all firearms

and ammunition involved in or used in the violation and all firearms and ammunition intended to

be used in a crime of violence or an offense in violation of Title 21, United States Code, Sections

841 or 846 are subject to forfeiture to the United States.

## Property Subject to Forfeiture

The property subject to forfeiture includes, but is not limited to, the following:

1. 14k yellow and white gold 16.5" necklace with diamonds and 32 sapphires; and

2. 18k yellow gold men's Rolex Oyster Perpetual Day Date wristwatch with diamond dial.

The United States may seek the imposition of a money judgment. In the event that a condition listed in Title 21, United States Code, Section 853(p) or Title 18, United States Code, Section 1963(m) exists, the United States will seek to forfeit any other property of the defendants in substitution up to the total value of the property subject to forfeiture.

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

Anibal J. Alaniz
Assistant United States Attorney

Casey N. MacDonald
Assistant United States Attorney

Nicholas Regalia
Trial Attorney
Organized Crime and Gang Section
United States Department of Justice